Avery, J.
The facts embraced in the bill of exceptions, present a question upon_ the law of set off. When the dissolution of the partnership took place, Ramsey became by assignment, the owner in equity of the claims which formerly belonged to the firm, the book account for which the present suit is brought being amongst the number. Before the dissolution, the whole of the defendant’s account offered as a set off, was due to him from Ramsey, as was the whole of his debt to the company.
Our statute, giving the defendant the right of set off, embraces all the claims comprehended in the following terms: “Any debt, contract, book'account, or other liquidated demands against the plaintiff.” And he may, upon pleading the general issue, and giving a notice in writing, set off any of .the above named demands, subject to the proviso in the statute, that no bond, bill, note, or other writing, assigned after suit brought, shall be allowed by way of set off. This law, in view of its general and beneficial operation, is entitled to be liberally expounded, and all cases fairly embraced within its terms, should receive the benefit of its provisions. Such a principle is asserted, and acted upon, in the case of Tuttle against Bebee, 8 Johnson’s Rep. 152, There the court, in an action of assumpsit, allowed the de *128 fendant to set off a bond of the plaintiff given to a third per son; the bond appearing to have been assigned to the defend ant before suit brought.
Such a bond, or a note not made negotiable, would be allowed also, as a set off in this state. That is only giving to a defendant in a suit at law, the same right that is conceeded to him when he appears as a plaintiff. The courts, when he sues as plaintiff, secure this control over these instruments and take care that all his rights, in reference to them, are protected. It is true they require him to sue in the name of the obligee or payee, but this is a mere form which the courts of law have retained. If such a case were in equity, and the assignee of a chose in action complainant, the set off would be allowed. Now in the notice which may be attached by the defendant in a suit at law, to his plea of the general issue, no formal difficulty touching the record, can exist, and there is no good reason why he may not be allowed the benefit of his set off under such notice.
It is argued for the plaintiff, that when the estate of a deceased person is insolvent, which it is asserted, though not upon any proof given, is true, in this case, injustice may be done to other creditors, by allowing a set off like the present, and that the spirit of the law, directing the settlement of estates will be violated, because, in such case, one creditor obtains his whole demand, while other creditors, in equal degree, can only obtain a fro rata distribution from the assets. To this, it is sufficient to reply, that the transfer of the partnership claim now considered, took place in the lifetime of the intestate; the right to appropriate it as his own, existed in his lifetime, when also the right, whatever it be, vested in the other party so to treat it in their mutual dealings. If Crawford, the defendant, had the right to make the set off then, the right is not taken away by the death of Ramsey, for the same'reason that it would not be forfeited in the case of an individual demand in his favor, against Ramsey.
*129 It is suggested that the surviving partner and the creditors of the partnership, have rights which may be infringed by such an appropriation as is here permitted of the partnership assets.
Doubtless, a claim like the one extinguished by this set off, would be protected for the benefit of the firm, if the necessity were shown, and steps taken to secure it for such a purpose But nothing of the kind appears in the case, and no presump tion arises of any such necessity. If Ramsey, in his lifetime, had allowed the set off, or cancelled the claim in any other way, it would clearly have been extinguished.
There is a case in 17 Johnson’s Rep. 333, Martin v. Williams, executor of. Williams, in which the defendant offered to prove that, in the lifetime of the testator, the defendant and another, were partners, and as such partners, had sold goods to the testator, and that the other partner assigned the demand to him, before the death of the testator. There the court decided, that it was no objection, that the demand offered to be set off was not originally due to the defendant, but had been assigned to him: and declared the account so assigned, to be a proper subject of set off. That was a case where the party, an executor, claimed the benefit of the assignment, as a defendant. Had it been a suit prosecuted in the partnership name, for the benefit of the same executor, it would have been a case indentical with the present— and the court which allowed him, as a defendant, to treat the demands as mutual, would have, held him bound so to regard them, when a plaintiff.
We believe that the principles recognized by the cases above referred to, must be declared to exist under our law of set off.
The application of the present defendant, to set off, in the court below, his individual claim against Ramsey, was supported by the letter as well as the spirit of the law, and was properly allowed.

The judgment of the Common Pleas is affirmed.